Buricet, J.
There was a motion made in the common pleas court to dismiss the appeal taken by the administrator, for the reason that he filed no appeal bond. The motion was overruled and exceptions taken. There was no error in overruling this motion. The record sIioavs that the administrator was duly appointed and qualified. He therefore gave bond in this state for the faithful discharge of his duties. The record also discloses that his appeal was in the interest of the trust, and not for his own interest. In such cases no bond is required under section 6408, Revised Statutes, but he shall be allowed an appeal by giving written notice to the court of his intention to appeal, within the time limited for giving bond. He gave written notice of appeal, and thereby availed himself of the statute, and was not required to give an appeal bond.
*488 There was also a motion .filed in the circuit court by counsel for the administrator to strike the bill of exceptions, taken in the common pleas, from the files, for the reason that no motion for a new trial was filed in that court. The circuit court overruled the mo-, tion and an exception was noted. There was no error in overruling this motion, for the reason that a motion for a neAV trial Avas not necessary. The facts were agreed upon, that is conceded, and all that was necessary was for the court to apply the law to the conceded facts. There was no evidence to be weighed or considered, the only question being whether the court rendered the right judgment upon the facts as conceded and agreed upon by both parties. In such cases a motion for a new’’ trial is not necessary. Brown & Co. v. Mott Bros., 22 Ohio St., 149; McGonnigle v. Arthur, 27 Ohio St., 251, 257.
Having disposed of these questions of practice, we come now to the real contention in the case. The administrator of the estate of Mrs. Hinton claims that the children under fifteen years of age are entitled under the - statute to have set off to them a year’s support and other personal property, out of the estáte of their mother, as well as out of the estate of their father, that is that they are entitled to such allowance out of each estate; while the guardian of Maud claims that the children under fifteen years of age are entitled to such year’s support and other personal property out of the estate of the father only, and having had set off to them a year’s support and other personal property, not deemed assets under the statute, out of the estate of their father, they are not entitled to a second such allowance out of the estate of their mother, even though she died possessed of a separate estate.
*489 The first statute in this state providing for a year’s support was section 43 of the act relating to the administration of estates of deceased persons passed March 23,1840, S. & C., 574, and provided as follows: “When a man having a family, shall die leaving a widow or a minor child, the following articles shall not be deemed assets.” Then follows a list of personal property.
This section 43 was amended March 12, 1861, 58 O. L., 45, and provided that: “When any man shall die leaving a widow or mifior child under the age of fifteen years, etc.” It changed the list of property not to be deemed assets, and for the first time provided for property to the amount of one hundred dollars to be retained by the widow and children.
This section 43 was again amended April 9, 1863, 60 O. L., 67, so as to read as follows: “That when any person shall die leaving a widow or minor child under the age of fifteen years, the following property shall not be deemed assets, or administered as such, etc.” This amendment changed the words of the section, “When any man shall die,” to, “That when any parson shall die, etc.” And there was very good reason for this change. After the amendment of the section, March 12,1861, in which the word “man” was retained, the general assembly on April 3, 1861, passed the statute concerning the rights and liabilities of married women, 58 O. L., 54, under which it became evident that married women would accumulate property and estates in their own right, and therefore it became necessary to provide for the disposition of such property and estates upon the death of such women. Before the passage of the Married Woman’s Act, in 1861, the marital rights of husbands at common law obtained in this state, and married *490 women rarely had any property to be administered at their death, but the act of 186,1 changed this, and as it became evident that women would leave property to be administered at their death the same as men, the statute relating to such administration was amended to fit the change caused by the said married woman's act.
Said section 43 was again amended May 12, 1868, 65 O. L., 180, and was carried into the Revised Statutes as section 6038, as follows: “When any person shall die, leaving a widow or minor child, or children under the age of fifteen years, the following property shall not be deemed assets or administered as such, but shall be included and stated in the inventory of the estate, and signed by the appraisers, without appraising the same.” (Here follows a list of personal property.)
Section 6040, Revised Statutes, reads as follow^: “The appraisers shall also set off and allow to the widow, and children under the age of fifteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for twelve months from the death of the decedent; and if the widow or such children have, since the death of the deceased, and previous to such alio Avance, consumed for their support any portion of the estate, the appraisers shall take the same into consideration .in determining the amount of the alio Avance.”
Section 6041, Revised Statutes, reads as follow-s: “When there is not sufficient personal property, or property of a suitable kind, to set off to the widow or children,, as proAlded in the preceding section, the appraisers shall certify what sum or further sum, in *491 money, ÍkS necessary for the support of such widow or children.”
The said sections 6040 and 6041 are the same now as when originally passed in 1840. The duties of the appraisers varied under each amendment of the statute in 1861, 1863 and 1868 as the personal property not deemed assets but required to be included and stated in the inventory, varied. Their duties as to setting off sufficient provisions or other property to support the widow and children under fifteen years of age, for twelve months, or if there was no widow, then to support such children for twelve months arose and applied only to cases in which “a man having a family died,” or a “man died leaving a widow or minor children, etc,” until the amendment of 1863 changed the statute and made those duties of the appraisers apply, “when any person died leaving a widow or minor child or children under the age of fifteen years.” Under the statute of 1840 the limitation was to “a man having a family,” and under the amendment of 1861, the limitation was to “any man leaving a widow and minor child.” Under the amendment of 1863 and 1868 the limitation is to, “any person” If “a man having a family,” or “any man,” and “any person,” are one and the same individual, the contention of the defendant in error is right, but if, “any person,” is a broader term than, “a man having a family,” or, “any man,” then his contention is wrong. A man may die leaving a widow or child, and yet not be a man having a family as the word family is usually understood. To be entitled to certain exemptions under Section 5435, Revised Statutes, the husband and wife must be living together, and for a widow or widower to be entitled to such exemption on account of Ms unmarried daughter or unmarried *492 minor son, he must be living with such child. The amendment of said section 43, in 1861, was therefore* broader than the same section in the original act, and was evidently intended by the general assembly to be broader. The amendment of the same section in 1863 was broader still, and included “any person,” male or female, leaving a child at his or her death. And in our opinion the words “any person” include both men and women. This seems to us too clear for argument or the citation of authorities. The general ■ assembly having changed the limitation from “a man having a family,” first to, “any man,” and then to, “any person,” and having good reasons for making the latter change, in view of the Married Woman’s Act, of April 3, 1861, we must conclude that it meant what it said, and that children under fifteen years of age are entitled to a year’s support out of the estate of their mother, the same as such children are entitled to such support out of the estate of their father, and that this is so even though the father and mother should both die leaving estates. Such are the plain words of the statute, and it is not for this court to attempt to get rid of them, by a strained construction conforming to a supposed hidden and unexpressed intention of the general assembly. The general assembly must be credited with understanding the meaning of plain words, and when so. radical a change is made in plain language by amendment, not by revision, as was done in this instance, it must be presumed that a change in meaning was intended, otherwise the general assembly would be compelled to add to each amendment, of a statute, a declaration that the amendment was intended to linean what it says, and was intended to change the former statute. We are fully content with the rule of construction, as to revision of statutes, laid *493 down in State ex rel. v. Commissioners, 36 Ohio St., 326; Conger v. Barker, 11 Ohio St., 1, and other cases cited by defendant in error, but they do not apply in this case, because here it is too plain that the amendment of 1863 was intended to work a change in the meaning of the statute; Collins v. Miller, 57 Ohio St., 289.
The circuit court erred in its construction of the statute, and its judgment will be reversed, and the judgment of the court of common pleas affirmed.

Judgment reversed.

Minshall, C. J., Williams, Spear, Shauok and Davis, JJ., concur.